IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL RODRIGUEZ,

    Plaintiff,

v.                                                                   1:22-cv-00032-KK-JMR

KAISER-FRANCIS OIL COMPANY, *et al*,

    Defendants.

## DISCOVERY ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Clarification and for Leave to Take Additional Oral Depositions or for Conference with the Court (Doc. 79), filed on March 23, 2023, and on Defendant's Emergency Motion for Protective Order by Kaiser-Francis and Flow Testing as to Plaintiff's Excessive Depositions (Doc. 83), also filed on March 23, 2023. Having reviewed both motions, the Court orders plaintiff to take no further depositions until the competing motions have been fully briefed and the Court has ruled on the motions.

Plaintiff admits that he has mailed twenty-three depositions by written questions and taken eight oral depositions. Doc. 79 at 2–3.[1] In his motion, plaintiff states his position that the fifteen-deposition limit set by the Court in the Case Management Order (Doc. 27) applies only to oral depositions, and not to depositions by written questions. However, Federal Rule of Civil Procedure 30(a)(2)(A)(i) "sets out a limit of ten depositions per side unless leave of court is obtained to exceed that number of depositions or the parties so stipulate in writing. . . . [And] the rule specifies that depositions under Rule 31 [Depositions by Written Questions] should be

---

[1] Rather than the thirty-one depositions plaintiff admits having taken, defendant claims plaintiff has already taken a total of thirty depositions. Doc. 83 at 1. The difference in number does not affect the Court's analysis.

counted toward the ten–deposition limit."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2104 (3d ed.).  At the Rule 16 scheduling conference, the Court, at the parties' request, agreed to allow each side a total of fifteen depositions.  Given the limits found in the Rules of Civil Procedure, plaintiff's proffered reading of the Case Management Order as governing only oral depositions strikes the Court as improbable.

While the Court reserves a definitive ruling on the issue until a later date, on the briefing currently before it, the Court finds that plaintiff has exceeded the maximum number of depositions allowed by the Case Management Order.  The Court therefore orders plaintiff to vacate all further depositions and not to conduct any further depositions until the pending discovery motions (Docs. 79, 83) have been briefed and ruled on by the Court.

Finally, the Court notes its concern that plaintiff's counsel does not appear to have adequately conferred with defense counsel to resolve the dispute prior to filing his motion.  *See* Doc. 83 at 6–7 (documenting communications between counsel from March 14, 2023 through March 23, 2023).  The Court will not entertain any motion to resolve a discovery dispute pursuant to FED. R. CIV. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to FED. R. CIV. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing the motion.  Every certification required by FED. R. CIV. P. 26(c) and 37 and the rules related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.  A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.  Absent exceptional circumstances, parties should converse in person or telephonically.  The Court orders

plaintiff's counsel to take further steps to confer with opposing counsel and to document these steps when he files his reply and response to the pending motions.

    IT IS SO ORDERED.

_____
Jennifer M. Rozzoni
United States Magistrate Judge

3