**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


RAUL RODRIGUEZ,

      Plaintiff,

      v.                                   Civ. No. 22-32 KK/JMR

KAISER-FRANCIS OIL COMPANY,
*et al.*,

      Defendants.


**<u>ORDER LIMITING EXPERT EVIDENCE REGARDING HEDONIC DAMAGES</u>**

Before the Court are Defendants' Motion to Limit Expert Evidence Regarding Hedonic Damages (Doc. 229), filed February 28, 2024, and Defendants' Motion in Limine to Exclude Value of a Statistical Life Studies (Doc. 295), filed August 23, 2024 (collectively, "Motions"). In the Motions, pursuant to Federal Rules of Evidence 401, 402, 403, and 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), Defendants ask the Court to exclude any testimony by M. Brian McDonald, Ph.D., pertaining to the computation or quantification of hedonic damages, or loss of enjoyment of life damages, including any benchmark figure corresponding to the value of life, and any testimony related to Value of a Statistical Life ("VSL") studies. In his written response, Plaintiff agrees that Dr. McDonald may not testify to a specific number or range for Plaintiff's hedonic damages but argues that Defendants' proposed limits on Dr. McDonald's testimony are overbroad. (Doc. 247 at 3-5.) The Court heard counsel's oral argument on these issues at the pretrial conference held on September 9, 2024. (Doc. 324.)

Having reviewed the parties' submissions and Dr. McDonald's report, and being otherwise sufficiently advised in the premises, the Court finds that Defendants' Motions are well taken and should be granted. Dr. McDonald's testimony relating to hedonic damages will be limited to explaining the meaning of hedonic damages and areas of human experience that the jury may consider in quantifying such damages. The Court will not permit Dr. McDonald to provide any quantification of Plaintiff's loss of enjoyment of life or to testify about the statistical value of life or studies related thereto because such testimony would be irrelevant, unreliable, and unfairly prejudicial. Nor will the Court permit Dr. McDonald to testify about or explain the caselaw regarding hedonic damages that he discusses at length in his report.

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under this rule, courts act as gatekeepers, admitting only expert testimony that is sufficiently relevant and reliable to assist the trier of fact. *United States v. Rodriguez–Felix*, 450 F.3d 1117, 1122 (10th Cir.2006).

To determine whether expert testimony is admissible, courts undertake a two-step analysis. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). First, the court must determine whether the expert is qualified to render an opinion about the specific matters to which he will testify. *103 Invs. I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). To be

qualified, the expert must possess such "knowledge, skill, experience, training, or education" in a "particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004).

Second, if the expert is qualified, the court must determine whether his opinion is reliable. *103 Invs. I, L.P.*, 470 F.3d at 990. In making this determination, the court "must assess the reasoning and methodology underlying the expert's opinion," *Rodriguez–Felix*, 450 F.3d at 1123 (quotation marks omitted), which it may do by applying the factors listed in *Daubert*. These factors are: (1) whether the expert's technique or theory can and has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; and (4) the general acceptance of the methodology in the relevant scientific community. *103 Invs. I, L.P.*, 470 F.3d at 990 (citing *Daubert*, 509 U.S. at 593-94). But these factors are "not exclusive, and district courts applying *Daubert* have broad discretion to consider a variety of other factors" depending on the particulars of the case at hand. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (citing *Kumho Tire Co., Ltd.*, 526 U.S. at 150).

It is well settled in the Tenth Circuit that an expert may not testify about his quantification of the value of Plaintiff's hedonic damages. *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1245 (10th Cir. 2000) ("Troubled by the disparity of results reached in published value-of-life studies and skeptical of their underlying methodology, the federal courts which have considered expert testimony on hedonic damages in the wake of *Daubert* have unanimously held quantifications of such damages inadmissible."). However, an economist expert may testify about the meaning of

hedonic damages, how they differ from other damages, and areas of human experience to be considered in determining hedonic damages. *Id.* at 1244-46.

Relying on *Smith*, in *BNSF Railway Company v. LaFarge Southwest, Inc.*, No. 06-cv-1076, 2009 WL 4279849 (D.N.M. Feb. 9, 2009), Judge M. Christina Armijo excluded any attempt by Dr. McDonald to quantify the plaintiff's hedonic damages, explaining as follows:

> The majority rule in federal courts … is that expert testimony which places a *dollar figure* before the jury in an attempt to *quantify* the value of a human life is inadmissible and does not meet the relevance and reliability factors set forth in *Daubert* and its progeny. *See Smith*, 214 F.3d at 1244-45; *Raigosa v. Roadtex Transp. Corp.*, No. 04cv305 RLP/WDS, Doc. 60, at 4-5 (D.N.M. Feb. 10, 2005) (unpublished memorandum opinion and order collecting cases). I construe this rule as applying to any opinion testimony which attempts to quantify (or place a monetary value on) a particular decedent's hedonic damages, *as well as* any opinion testimony which places before the jury a dollar figure or numeric formula as a so-called "benchmark figure," "guideline," or "range of values" to be used in calculating such damages. In my view, the latter approach to opining about a dollar-figure or numeric formula is just a "[T]rojan horse" aimed at getting the same type of inadmissible information before the jury under a different label. The fact remains that the underlying methodology used to arrive at such quantitative measurements of the value of human life does not meet the relevance and reliability requirements of *Daubert* and its progeny and will not assist the jury, regardless of whether the figure, formula, or "range of values" in question is assigned to a specific decedent, a hypothetical individual, a statistical person, or a generic benchmark or guideline.

*Id.* at *2 (emphases in original).

The Court finds Judge Armijo's analysis persuasive and adopts it herein. Defendants' Motions are granted to the extent that Dr. McDonald may not provide any quantification of Plaintiff's loss of enjoyment of life including any reference to the value of life or VSL studies. Moreover, the Court will not permit Dr. McDonald to usurp the Court's role in instructing the jury on what the law is by providing them with his lengthy discussion of caselaw on hedonic damages. *See id.*

IT IS THEREFORE ORDERED that Defendants' Motions (Docs. 229, 295) are GRANTED insofar as Dr. McDonald will not be permitted to opine or otherwise testify at trial

about any numerical quantification or computation of hedonic damages, including any "benchmark" figure, "range of values," or other formula or numeric guideline corresponding to the value of life, or about VSL studies.

IT IS FURTHER ORDERED that Dr. McDonald may testify about other aspects of hedonic damages, including its definition and a general explanation of the components of an individual's life that the trier of fact may consider in deciding whether to award hedonic damages and, if so, in what amount. However, Dr. McDonald may not testify about caselaw on hedonic damages.

IT IS SO ORDERED.

_____

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE